. Willis H. Rolfe et al. *vs.* Angelina M. Rolfe. ·

Cumberland.   Opinion November 21, 1925.

*Adequate provision must result for the spouse in ante-nuptial contracts, otherwise a gross disproportion of such adequacy may invalidate such contracts, but the test of such disproportion must be made in the light of property conditions at the time of making the contract.*

As affecting ante-nuptial contracts the cardinal principles of law are well settled and universally obtain.   Among such principles may be found those which declare that adequacy in provision for the spouse must result, and that gross disproportion of such adequacy may invalidate such contract.

But so far as disproportionate result may arise, in this class of contracts the test must be made in the light of property conditions at the time when the contract was made.

On appeal.   A bill in equity brought by complainants as sole heirs of Lemuel Rolfe, and as executors under his will, against respondent, his widow, to enforce the performance of an ante-nuptial agreement entered into by the said Lemuel Rolfe and said Angelina M. Rolfe, seeking to restrain the widow from prosecuting a claim for widow's allowance against the estate of her late husband.   A hearing was had upon bill, answer, replication and proofs and the bill was sustained and the respondent was perpetually enjoined from prosecuting her petition for a widow's allowance from the estate of her husband, and from interfering in any way with any property belonging to said estate, and from the decree respondent appealed.   Appeal dismissed. Decree below affirmed with one bill of costs for the appellee.

The case is stated in the opinion.

*Samuel L. Bates and John J. Devine,* for complainants.

*Frank P. Preti and Ralph M. Ingalls,* for respondent.

Sitting: Wilson, C. J., Philbrook, Dunn, Morrill, Deasy, Sturgis, JJ.

Philbrook, J.   This is a bill in equity brought by Willis H. Rolfe and Lula B. Currier as heirs at law of Lemuel Rolfe, late of Portland deceased and as executors of the last will and testament of said

Lemuel Rolfe, to compel the performance by said Angelina M. Rolfe of a certain ante-nuptial agreement alleged to have been executed by said Lemuel Rolfe and said Angelina M. Rolfe under the name of Angelina C. Marsters. The case was heard by a single justice, without jury, upon bill, answer and proof.

The defendant admits that on the third day of June, A. D., 1912, she signed the ante-nuptial contract, but says that her signature thereto was obtained fraudulently, deceitfully and by gross misrepresentations of the true nature and effect of said agreement and that solely because of such fraudulent, deceitful and gross misrepresentations of the conditions and effect of said document, she was induced to sign the same; that at the time of the signing of said document by herself and by said Lemuel Rolfe she relied upon the confidence and trust which she had theretofore placed in said Lemuel Rolfe.

The agreement thus referred to was executed on June 3d, A. D., 1912 and is apparently drawn under the provisions of R. S. Chap. 66, Sec. 8, which allows husband and wife, by a marriage settlement executed in the presence of two witnesses before marriage, to determine what rights each shall have in the other's estate during marriage and after its dissolution by death, and may bar each other of all rights in their respective estates not so secured to them. The marriage was on the fourth day of June, A. D., 1912, one day later than the date on which the agreement was executed.

The defendant admits that the law applicable to the facts in the instant case is well settled in Maine and generally so throughout the country; that certain cardinal principles universally obtain, such as the principle that there shall be no fraud or imposition practiced, that full and complete disclosure shall be made and that adequacy in provision for the spouse shall result; that gross disproportion of such adequacy may invalidate such agreement; that the natural confidence of the relations of the parties shall not be violated; that where gross disproportion results fraud will be presumed, and that the burden is upon him who sets up an ante-nuptial agreement to prove fairness, notice, understanding and adequacy.

The defendant sets up no claim that the appeal should be sustained upon legal principles which have been violated by the sitting Justice in his finding, but relies wholly upon questions of fact involving fraud, deceit and gross misrepresentation or gross disproportion arising to affect the ante-nuptial agreement.

Ante-nuptial agreements are to be considered, so far as disproportionate results may arise, by an examination of the property holdings at the time when the contract is executed. If the rule were otherwise no ante-nuptial agreement could be safely made. Suppose months or years after the execution of the contract and after the date of marriage following the execution of the contract, the party whose estate is to be effected should, by gift from another, by inheritance from another, or through some sudden and unexpected turn of business affairs, have that estate greatly increased in value. Could it be said that this increase reverts back to an agreement entered into before the marriage tie bound the parties together? We must examine this case and the findings of the sitting Justice in the light of what the testimony clearly shows to have been the financial condition of Mr. Rolfe at the time of signing the ante-nuptial agreement.

The findings of the sitting Justice are exhaustive and show much painstaking examination of the testimony. A rehearsal of his findings or an analysis of the testimony would not enlighten the result, nor be of value to any except those who are immediately connected with the case.

It is sufficient to say that the justice below found as a matter of fact that there was neither actual nor constructive fraud practiced by Lemuel Rolfe in obtaining the signature of his intended wife to the ante-nuptial contract. Nor, taking into consideration the amount of his estate at the time when the contract was executed, and taking into account the provisions made in the contract for both parties and the financial condition of the wife, can it be said that there was such disproportionate results as would authorize an overturn of the findings of the justice below. This case illustrates the familiar rule that the findings of a single justice in equity procedure, upon questions of fact necessarily involved, are not to be reversed upon appeal unless clearly wrong, and that the burden is on the appellant to satisfy the court that such is the fact, otherwise the decree appealed from must be affirmed.

The case of *Denison* v. *Dawes*, 121 Maine, 402, is relied upon confidently by the appellant. While sound in its law and its logic, that case contained elements which clearly differentiate it from the case at bar. The mandate will accordingly be

> *Appeal dismissed.*
> *Decree below affirmed with one*
> *bill of costs for the appellees.*